UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DENISE MARCHESE | CIVIL ACTION |
| VERSUS | NO: 22-795 |
| UNION CARBIDE CORPORATION, ET AL. | SECTION: "A" (5) |

### ORDER AND REASONS

The following motion is before the Court: **Motion to Dismiss for Failure to State a Claim (Rec. Doc. 3)** filed by Defendants Dow Chemical Company ("Dow") and Union Carbide Corporation ("Union Carbide") (collectively "Defendants"). Plaintiff Denise Marchese opposes the motion, and Defendants replied. (Rec. Docs. 4 & 10). The motion, submitted for consideration on May 11, 2022, is before the Court on the briefs without oral argument. For the following reasons, the motion is GRANTED IN PART AND DENIED IN PART.

This case arises out of alleged exposure to ethylene oxide ("EtO") emitted by a petrochemical plant ("the facility") that is located in Hahnville, Louisiana and owned and operated by Defendants. (Rec. Doc. 2 at pp. 1–2). Plaintiff Marchese is a 56-year-old woman who has lived near the facility for decades, and who allegedly contracted breast cancer after years of exposure to EtO emitted by the facility. (*Id.* at pp. 1–3).

Originally, this suit consisted of seven plaintiffs ("Original Plaintiffs")—all Louisiana residents who live near the facility and have contracted breast cancer purportedly by their unknowing exposure to dangerous levels of EtO emitted by the facility. On April 26, 2021, Original Plaintiffs filed suit in the 29th Judicial District Court for the Parish of St. Charles,

alleging that inhalation of EtO emitted from the facility was a substantial factor in causing their breast cancer. Original Plaintiffs alleged claims of negligence, civil battery, and certain violations of the vicinage articles of the Louisiana Civil Code against Defendants Dow and Union Carbide. On June 2, 2021, Defendants removed the case to federal court, and the case was allotted to Judge Sarah Vance.

On March 28, 2022, Judge Vance severed each of the plaintiff's claims and Plaintiff Marchese's case was allotted to this section. (Rec. Docs. 1 & 1-1). On April 7, 2022, Plaintiff Marchese filed her first amended complaint, bringing claims for negligence, battery, and nuisance under Louisiana Civil Code articles 667-669 against Defendants, and alleging that EtO exposure was a substantial factor in causing her to develop breast cancer. (Rec. Doc. 2). Via the instant motion, Defendants move to dismiss Plaintiff Marchese's claims for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

This case is nearly identical to *Ellis v. Evonik Corp.*, which the Court finds to be persuasive. *See Ellis v. Evonik Corp.*, 2022 WL 1719196 (E.D. La. May 27, 2022) (J., Vance). In *Ellis*, the court dismissed the plaintiffs' battery claims, denied the motion to dismiss as to the plaintiffs' nuisance claims, and dismissed the plaintiffs' negligence claims without prejudice but with leave to amend the complaint to cure the shortcomings of their negligence allegations, if possible.

Accordingly, for the reasons stated in *Ellis v. Evonik Corp.*;

**IT IS ORDERED** that Defendants' **Motion to Dismiss for Failure to State a Claim (Rec. Doc. 3)** is **GRANTED IN PART AND DENIED IN PART**. The motion is granted as to Plaintiff's negligence and battery claims. The motion is denied as to Plaintiff's nuisance

claim under articles 667-669 of the Louisiana Civil Code.

**IT IF FURTHER ORDERED** that Plaintiff is granted leave to amend the negligence allegations of her complaint to articulate the specific duty or standard of care allegedly breached by Defendants. Any amended complaint shall be filed within twenty-one (21) days from the date of this Order.

**IT IS FURTHER ORDERED** that Plaintiff is NOT granted leave to amend the allegations pertaining to her battery claim, and that Plaintiff's battery claim is **DISMISSED WITH PREJUDICE**.

August 31, 2022

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE